IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph Charles Tice, | ) | C/A No. 3:15-4781-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Jerry B. Adger, *Head Probation Officer*; Lisa | ) | |
| Baker, *Probation Officer*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Joseph Charles Tice, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment.  (ECF No. 20.)  Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Tice of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion.  (ECF No. 22.)  Tice filed a response in opposition to the defendants' motion, which he later supplemented.  (ECF Nos. 29, 32, 40.)  Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted in part and denied in part.

**BACKGROUND**

Tice indicates that on April 17, 2013, he was arrested by the defendants for failing to pay a fee associated with his probation.  (ECF No. 1 at 3-4.)  He alleges Judge Dennis in Lexington County sentenced him to six months' imprisonment for "failure to pay" and he served his sentence at

PJG

Ridgeland Correctional Institution. (Id.) Following his release from confinement, Tice's conviction was overturned by a state appellate court. (Id.) Tice claims he was unjustly charged and arrested by the defendants, and has now filed this civil action against them seeking monetary damages. (Id.) By order dated January 20, 2016, the court expressly construed Tice's Complaint as asserting claims under 42 U.S.C. § 1983 of false arrest and false imprisonment in violation of the Fourth Amendment. (ECF No. 14 at 1.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion for Summary Judgment**

**1.     Habeas Corpus Relief**

In their motion for summary judgment, the defendants repeatedly state that Tice has filed a petition for a writ of habeas corpus to seek relief from his probation revocation, and also that he is not entitled to habeas relief because he is not incarcerated, he failed to exhaust his state remedies, and he has not shown a constitutional violation.  (ECF No. 20 at 2-5.)  However, Tice did not file a petition for a writ of habeas corpus, nor is he seeking habeas corpus relief in his Complaint.  In the Complaint, Tice only seeks monetary damages for his allegedly unjust arrest and imprisonment. (ECF No. 1 at 5.)  The court expressly construed these allegations as stating civil rights claims under § 1983 for false arrest and false imprisonment in violation of the Fourth Amendment.  (ECF No. 14 at 1.)  Accordingly, the court finds that the defendants' arguments concerning a habeas corpus claim



are irrelevant to Tice's claims, and do not provide a basis for granting summary judgment in their favor.

### 2.    Qualified Immunity

Despite the defendants' classification of Tice's Complaint as a petition for a writ of habeas corpus, the defendants argue that to the extent Tice seeks a seeks a monetary award for the violation of his rights due to false imprisonment, they are entitled to qualified immunity. (ECF No. 20 at 5.) Specifically, the defendants argue that because Tice violated the conditions of his probation, they were obligated to issue a warrant for his arrest and bring him before the circuit court to determine if the violation warranted the revocation of his probation. (Id.)

Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009). Courts may address the two prongs of the qualified immunity analysis in whichever order is appropriate in light of the circumstances of the particular case at hand. Id. at 235, 242.

To establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d



178, 183 (4th Cir. 1996). Thus, there is no § 1983 claim for false arrest or false imprisonment unless the officer lacked probable cause. See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974).

In the specific context of qualified immunity regarding a § 1983 claim asserting an unlawful arrest without probable cause, the United States Circuit Court of Appeals for the Fourth Circuit has held that although the right to be free from arrests without probable cause is clearly established, the circumstances in the particular case must be considered: the right allegedly violated must be defined not at such a high level of generality, but rather in light of the facts confronting the officer at the time. McKinney v. Richland Cty. Sheriff's Dep't, 431 F.3d 415, 419 n.5 (4th Cir. 2005). Applying these precepts to the facts presented here, the issue becomes whether "a reasonable officer in [the defendants'] position could have believed that probable cause existed." Torchinsky v. Siwinski, 942 F.2d 257, 261 (4th Cir. 1991). The Fourth Circuit has recognized that a subsequent determination of probable cause by a magistrate is instructive in a false arrest case, particularly in determining the question of qualified immunity. Id. In general, an arrest made pursuant to a facially valid warrant will not support a claim for false arrest or malicious prosecution under the Fourth Amendment. Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998). "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000) (quoting Malley v. Briggs, 475 U.S. 335, 344-45 (1986)). "The presumption of reasonableness attached to obtaining a warrant can be rebutted where 'a reasonably well-trained officer in [the defendant's] position would have known that his [application] failed to establish probable cause and that he should not have applied for the warrant.' " Torchinsky, 942 F.2d at 262 (quoting Malley, 475 U.S. at 345) (second alteration in original).

PJG

In the case at bar, the defendants assert in their motion for summary judgment that Tice was arrested pursuant to a warrant for violations of his terms of probation.  (ECF No. 20 at 1, 5.)  If Tice was arrested pursuant to a facially valid warrant, such a fact, considered in light of other evidence in the record, may entitle the defendant to qualified immunity.  See Porterfield, 156 F.3d at 568. However, the defendants have not cited to any evidence in the record that would support such a fact. The defendants' mere factual assertions, without more, lends insufficient support for the court to find summary judgment is appropriate.  See Fed. R. Civ. P. 56; see also 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2727 at 475 (3d ed. 1998) ("[T]he party moving for summary judgment cannot sustain his burden merely by denying the allegations in the opponent's pleadings.").  As the unsworn statements in the defendants' motion are insufficient evidence to support summary judgment, the court finds that the defendants' motion for summary judgment should be denied on this ground.  However, the factual record in this case remains undeveloped.  Therefore, the court also finds the defendants should be given leave to refile a motion for summary judgment properly supported by materials that may be considered under Rule 56(c).[1]

### 3.    Eleventh Amendment Immunity

The defendants also argue that, to the extent Tice attempts to state a cause of action against them in their official capacities as officials in the South Carolina Department of Probation, Parole, and Pardon Services, Eleventh Amendment immunity bars such claims.  The court agrees.

---

[1]See Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:  (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it; or (4) issue any other appropriate order.").



The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As arms of the state, these defendants, who are employees of the South Carolina Department of Probation, Parole, and Pardon Services, are entitled to sovereign immunity and cannot constitute "persons" under § 1983 in that capacity. See Will, 491 U.S. at 70-71. Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent these defendants are sued in their official capacities for damages, they are immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations). Consequently, the court finds that summary judgment should be granted in the defendants' favor to the extent Tice brings claims against them in their official capacities.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment should be granted to the extent Tice raises claims against the defendants in their official capacities, but denied as to the remaining grounds for summary judgment raised by the defendants. (ECF No. 20.)  The court further recommends the defendants be granted leave to refile a motion for summary judgment properly supported by materials under Rule 56.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 19, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).