IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Joseph Charles Tice, | ) | C/A No. 3:15-4781-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Jerry B. Adger, *Head Probation Officer*; Lisa Baker, *Probation Officer*, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Joseph Charles Tice, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' first and second motions for summary judgment. (ECF Nos. 20 & 44.) The court previously recommended granting the defendants' first motion for summary judgment in part, with leave to file a subsequent motion for summary judgment. (ECF No. 42.) The defendants then filed a second motion for summary judgment. (ECF No. 44.) Tice filed a response in opposition to the defendants' second motion and later supplemented his response. (ECF Nos. 49 & 59.) By Order dated November 17, 2016, the district judge adopted the Report and Recommendation to the extent that it granted the defendants leave to refile a motion for summary judgment, and recommitted the case to the assigned magistrate judge to address the defendants' motions for summary judgment simultaneously. (ECF No. 54.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motions should be granted.

PJG

**BACKGROUND**

Tice indicates that on April 17, 2013, he was arrested by the defendants for failing to pay a fee associated with his probation.[1] (ECF No. 1 at 3-4.) He alleges the state circuit court judge sentenced him to six months' imprisonment for "failure to pay" and he served his sentence at Ridgeland Correctional Institution. (Id.) Following his release from confinement, Tice's conviction was overturned by a state appellate court. (Id.) Tice claims he was unjustly charged and arrested by the defendants, and has now filed this action against them seeking monetary damages. (Id.) By order dated January 20, 2016, the court expressly construed Tice's Complaint as asserting claims under 42 U.S.C. § 1983 for false arrest and false imprisonment in violation of the Fourth Amendment. (ECF No. 14 at 1.)

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[1] The court notes that Defendant Lisa Baker signed Tice's arrest warrant, (Defs.' Mot. Summ. J., Ex. 2, ECF No. 44-2 at 2), and that Defendant Jerry Adger indicates he is the Director of the South Carolina Department of Probation, Parole, and Pardon Services. Nothing in the record before the court indicates that Defendant Adger personally took part in Tice's arrest or probation revocation.



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Defendants' Motion for Summary Judgment**

    **1.    Habeas Corpus Relief**

In their first motion for summary judgment, the defendants state Tice filed a petition for a writ of habeas corpus to seek relief from his probation revocation, and also that he is not entitled to



habeas relief because he is not incarcerated, he failed to exhaust his state remedies, and he has not shown a constitutional violation.[2] However, Tice did not file a petition for a writ of habeas corpus, nor is he seeking habeas corpus relief in his Complaint. In the Complaint, Tice seeks only monetary damages for his allegedly unjust arrest and imprisonment. (ECF No. 1 at 5.) The court expressly construed these allegations as stating civil rights claims under § 1983 for false arrest and false imprisonment in violation of the Fourth Amendment. (ECF No. 14 at 1.) Accordingly, the court finds that the defendants' arguments concerning a habeas corpus claim are misplaced, and do not provide a basis for granting summary judgment in their favor.

## 2. Qualified Immunity

The defendants now argue that to the extent Tice seeks a seeks a monetary award for the violation of his rights due to false imprisonment, they are entitled to qualified immunity in their individual capacities. Specifically, the defendants argue that because Tice violated the conditions of his probation, they were obligated to issue a warrant for his arrest and bring him before the circuit court to determine if the violation warranted the revocation of his probation. To support their claim, the defendants have provided copies of Tice's arrest warrant and accompanying affidavit, which indicate Tice failed to pay fees and stay enrolled in counseling as required by the terms of his probation, in violation of South Carolina Code § 24-21-450. (Defs.' Mot. Summ. J., Ex. 2, ECF No. 44-2.)[3]

---

[2] This argument does not appear in the defendants' second motion for summary judgment.

[3] Tice's responses to the defendants' summary judgment motions do not address the defendants' qualified immunity argument. (ECF Nos. 29 & 49.)



Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009). Courts may address the two prongs of the qualified immunity analysis in whichever order is appropriate in light of the circumstances of the particular case at hand. Id. at 235, 242. In this case, as will be explained, the court need only consider the first prong of the qualified immunity analysis.

Ordinarily, to establish a § 1983 claim based on a Fourth Amendment violation for false arrest or false imprisonment, a plaintiff must show that a seizure was effected without probable cause. See Massey v. Ojaniit, 759 F.3d 343, 356 (4th Cir. 2014); Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996). However, where a probation officer seeks the arrest of a probationer, the probation officer need only have reasonable suspicion that the probationer violated the conditions of probation. See Jones v. Chandrasuwan, 820 F.3d 685, 693 (4th Cir. 2016) (holding reasonable suspicion in this context is present when there is a sufficiently high probability that a probationer has violated the terms of his probation to make the intrusion on the individual's privacy interest reasonable).

Generally, a facially valid warrant that lacks any apparent deficiencies is sufficient evidence for a court to find that an arrest made pursuant to that warrant is reasonable under the Fourth



Amendment, even where probable cause is the standard required. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); see also Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000) ("Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost.") (quoting Malley v. Briggs, 475 U.S. 335, 344-45 (1986)). Moreover, under South Carolina law, a probation officer may issue an arrest warrant for a probationer who violates the conditions of his probation. S.C. Code Ann. § 24-21-450 ("At any time during the period of probation . . . the probation agent may issue or cause the issuing of a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence."); see also State v. Barlow, 643 S.E.2d 682, 684 (S.C. 2007) ("By statute, a probation agent has the power to issue an arrest warrant charging a violation of conditions of supervision, as well as the power of arrest.") (citing S.C. Code Ann. § 24-21-280(B)). In this way, the prerequisites for issuing an arrest warrant for the violation of the conditions of probation are not the same as those for the arrest made in a criminal prosecution. See State v. Franks, 281 S.E.2d 227, 228 (S.C. 1981) ("In our view the probationer's rights are adequately protected by the requirement that his arrest for a probation violation charge be preceded by the issuance of a warrant from the court or a probation officer as provided by § 24-21-450. Accordingly, we hold the Fourth Amendment's requirement that a magistrate issue an arrest warrant does not apply to a warrant for violation of probation conditions.").

Here, Tice's arrest warrant shows that the probation officer had reasonable suspicion that Tice violated the conditions of his probation. The arrest warrant, prepared and signed by Defendant Lisa Baker, a probation officer, indicates Tice's original probation order required he pay sex offender supervision fees of $20.00 per week and court surcharges, and stay enrolled in sex offender

PJG

counseling. (Defs.' Mot. Summ. J., Ex. 2, ECF No. 44-2.) The arrest warrant also indicates Tice failed to meet these requirements when he failed to pay his fees, leading to $260.00 in arrears for the sex offender supervision fees and $15.00 in arrears for the court surcharges, and to Tice's being terminated from sex offender treatment at Southeastern Assessments, Inc. (Id.) Therefore, no reasonable jury could find that Tice was not arrested pursuant to a facially valid warrant that complied with the statutory prerequisites for issuing a warrant for the arrest of a probationer who violated the conditions of his probation. Moreover, the transcript of Tice's probation revocation hearing indicates he admitted that he violated the terms of his probation by failing to pay the associated fees and being terminated from counseling. (Defs.' Mot. Summ. J., Ex. 1 at 4, ECF No. 44-1 at 5.)

In his Complaint and in response to the defendants' second motion for summary judgment, Tice appears to argue that his arrest was unjust either because he was not able to pay the fees required by his probation order, or because his probation revocation was overturned on appeal by the South Carolina Court of Appeals for the same reason.[4] However, whether a probationer's failure to comply with the conditions of his probation is willful is a matter to be determined by the court, not the probation officers. See generally State v. Coker, 723 S.E.2d 619, 620 (S.C. Ct. App. 2012) (providing that a circuit court may not revoke probation solely on the basis of a failure to pay unless the record reflects the court found, *inter alia*, the probationer made a willful choice not to pay). Accordingly, even considering the facts in the light most favorable to Tice, the court finds the

---

[4] See State v. Tice, No. 2014-UP-370, 2014 WL 5698334 (S.C. Ct. App., Nov. 5, 2014) (reversing and remanding on the authority that a court may not revoke probation solely on the basis of the failure to pay money unless the court makes certain findings of fact regarding the willfulness of the failure to pay) (citing State v. Coker, 723 S.E.2d 619 (S.C. Ct. App. 2012)).



defendants are entitled to qualified immunity against Tice's Fourth Amendment claim because Tice fails to demonstrate a constitutional violation occurred when he was arrested for violating the conditions of his probation.

### 3. Eleventh Amendment Immunity

The defendants also argue that, to the extent Tice attempts to state a cause of action against them in their official capacities as officials in the South Carolina Department of Probation, Parole, and Pardon Services, Eleventh Amendment immunity bars such claims. The court agrees.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As arms of the state, these defendants, who are employees of the South Carolina Department of Probation, Parole, and Pardon Services, are entitled to sovereign immunity and cannot constitute "persons" under § 1983 in that capacity. See Will, 491 U.S. at 70-71. Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent these defendants are sued in their official capacities for damages, they are



immune from suit.  Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).  Consequently, the court finds that summary judgment should be granted in the defendants' favor to the extent Tice brings claims against them in their official capacities for monetary damages.  (ECF Nos. 20 & 44.)

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motions for summary judgment should be granted.  (ECF No. 20 & 44.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 22, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).