IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Joseph Charles Tice,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jerry B. Adger, *Head Probation Officer*; Lisa Baker, *Probation Officer*,<br><br>　　　　Defendants. | C/A No. 3:15-4781-CMC<br><br>**OPINION AND ORDER** |

Joseph Charles Tice ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against Jerry B. Adger, Head Probation Officer ("Adger"), and Lisa Baker, Probation Officer ("Baker"), (collectively "Defendants") claiming a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. This matter is before the court on motions for summary judgment by Defendants. ECF Nos. 20, 44.

## I.　　Procedural Background

On or about November 27, 2015, Plaintiff filed this action alleging Defendants violated his rights under the Fourth Amendment to the United States Constitution.[1] ECF No. 1 at 1. In addition, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 2, which was granted on December 10, 2015, by Magistrate Judge Paige J. Gossett, ECF No. 8. On April 12, 2016, Defendants filed a motion for summary judgment. ECF No. 20. Because Plaintiff is proceeding *pro se*, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528

---

[1] Plaintiff is incarcerated and, thus, the court will give Plaintiff the benefit of the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988).

F.2d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response. ECF No. 22. On April 21, 2016, Plaintiff filed a response in opposition to Defendants' motion for summary judgment. ECF No. 29. On April 28, 2016, Plaintiff filed a supplemental response.[2] ECF No. 32. Plaintiff filed an additional supplemental response on June 21, 2016; however, this document was untimely and did not add any new arguments to be considered. ECF No. 40. On August 19, 2016, the Magistrate Judge issued a Report and Recommendation, recommending Defendants' motion for summary judgment be granted to the extent Plaintiff raised claims against Defendants in their official capacities, but denied as to the remaining grounds raised by Defendants. ECF No. 42. It was further recommended that Defendants be granted leave to refile a motion for summary judgment properly supported by materials. *Id.* at 8.

Although the parties did not file objections to the Report and Recommendation,[3] Defendants filed another motion for summary judgment on September 8, 2016, which did not address all of the positions argued in their previous motion. ECF No. 44. Plaintiff filed a response in opposition to the second motion on October 14, 2016. ECF No. 49.

---

[2] Plaintiff filed a motion to appoint counsel, Defendants filed a response in opposition, and the Magistrate Judge denied the motion. ECF Nos. 33, 34, 38. On December 16, 2016, Plaintiff filed another motion to appoint counsel, which did not raise any new arguments as to why counsel should be appointed, and the Magistrate Judge denied the motion for the reasons stated in her previous order. ECF Nos. 60, 61. To the extent Plaintiff's statement, "I am mentally ill and would like an attorney" is an additional request for appointment of counsel, the court denies his request for the reasons stated in the Magistrate Judge's previous order. *See* ECF No. 38.

[3] On December 2, 2016, Plaintiff filed a document claiming he was unaware that he was able to object; however, this concern is moot because this court referred the case back to the Magistrate Judge for evaluation of all motions simultaneously and will address Plaintiff's objections in this order. ECF No. 56.

Thus, in an effort to streamline this matter, the court adopted the Magistrate Judge's recommendation to grant leave for Defendants to refile a properly supported motion for summary judgment; however, the court referred the case back to the Magistrate Judge to address both of Defendants' motions for summary judgment simultaneously. ECF No. 54. On December 9, 2016, due to Defendants' second motion for summary judgment, the Magistrate Judge entered an additional order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion and of the need to file an adequate response. ECF No. 57. On or about December 19, 2016, Plaintiff timely filed a supplemental response in opposition with a memorandum in support. ECF No. 59. On December 22, 2016, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending summary judgment on all of Plaintiff's claims.[4] ECF No. 62. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On or about January 12, 2017, Plaintiff filed objections to the Report.[5] ECF No. 65. Defendants did not respond to Plaintiff's objections. Thus, this matter is ripe for the court's review.

## II.     Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

---

[4] On December 20, 2016, Plaintiff timely filed an additional supplemental response when he placed his response in the mail (ECF No. 64); however, this response was not received until December 27, 2016, and, thus, was inadvertently not addressed in the Magistrate Judge's Report released on December 22, 2016. The court has considered the additional supplemental response in its *de novo* review of the Report and addressed it within the analysis of Plaintiff's objections.

[5] Due to the uncertainty of the exact filing date and its proximity to the objection deadline, the court will address Plaintiff's objections.

court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.     Discussion

The Report set forth in detail the relevant facts and standards of law[6] on this matter, and this court incorporates those facts and standards here. Plaintiff makes five objections to the Report; however, many of his objections contain the same arguments already raised in his responses in opposition. In addition, four of these objections are based in part on Plaintiff's misunderstanding of the South Carolina Court of Appeals' decision regarding a violation of his constitutional right at the probation revocation hearing.[7]

---

[6] Inasmuch as the Report cites to *Cruz v. Beto*, 405 U.S. 319 (1972), to support liberal construction of a *pro se* litigant's complaint, it is replaced with *Erickson v. Pardus*, 551 U.S. 89 (2007). The former case relies solely upon the "no set of facts" standard provided in *Conley v. Gibson*, 355 U.S. 41 (1957), which was overruled in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560–63 (2007). *See Francis v. Giacomelli*, 588 F.3d 186, 192 n.1 (4th Cir. 2009). However, under the proper standard, the result remains unchanged. *See Erickson*, 551 U.S. at 93–94 (reiterating the liberal construction of a *pro se* complaint after the decision in *Twombly*).

[7] Plaintiff states in his objections "nothing in that [circuit] court counts, because it was overturned." ECF No. 65 at 3.

First, Plaintiff objects to the Report's qualified immunity discussion[8] because he argues Baker knew he was unable to pay when she issued his arrest warrant, and, thus, Baker was "abusing her power" when she issued an arrest warrant for Plaintiff's failure to pay. ECF No. 65 at 1–2. Second, Plaintiff objects to the Report's statement that Defendants provided copies of the arrest warrant and affidavit which indicate he failed to pay fees and stay enrolled in counseling as required by the terms of his probation because, he contends, "[i]f probation conditions violate Constitution Law then it should not be used." *Id.* at 3. Third, Plaintiff objects to the Report's reference to the transcript of his probation revocation hearing in which Plaintiff admitted he violated the terms of his probation, because he was terminated from counseling due to his inability to pay and it was not a willful violation.[9] *Id.* Fourth, Plaintiff objects to the Report's recommendation that summary judgment be granted because Baker knew Plaintiff was unable to pay, did not attempt to reduce his fine payments as his previous probation agent did, forced him to switch to a doctor he could not afford, and failed to explore other alternatives. *Id.* at 4–5. Finally, in one sentence, Plaintiff objects to the Report's recommendation that Defendants are entitled to immunity under the Eleventh Amendment. *Id.* at 4.

---

[8] Although the Report notes Plaintiff did not address Defendants' qualified immunity argument, Plaintiff filed a timely supplemental response that arrived at the court following the issuance of the Report. ECF No. 64. The court recognizes Plaintiff did address qualified immunity.

[9] It is unclear whether Plaintiff admitted he owed the fees stated in the arrest warrant because Plaintiff appears to argue his previous probation officer in Richland County approached the judge and obtained an order exempting his fines due to his inability to pay. *See* ECF Nos. 44-1 at 4, 49 at 3, 64 at 3, 65 at 2. Whether this order existed, applied to the fees at issue, or was in effect at the time of the warrant's issuance by Plaintiff's new probation officer in Aiken County is uncertain based upon the information provided to this court. However, it is clear Plaintiff admitted he was terminated from counseling due to his inability to pay his new doctor, and, thus, violated his probation conditions. *See, e.g.*, ECF No. 44-1 at 4.

As evidenced above, Plaintiff's objections generally consist of arguments made in his previously filed briefs and can be boiled down to two basic objections: (1) Plaintiff did not willfully violate his probation, so he should not have been arrested, and (2) Defendants are not entitled to immunity under the Eleventh Amendment. Neither of these objections prevail.

### a. Willful Violation of Probation

It was the duty of the court, not Plaintiff's probation agent, to determine whether or not Plaintiff willfully violated the terms of his probation. In fact, as the transcript from the probation revocation hearing makes quite clear, the probation agent present at the hearing actually asserted Plaintiff had not willfully violated his probation. ECF No. 44-1 at 6 (stating "we definitely would like to assert that it's not a willful choice not to pay, it's that he can't afford it . . . Again, I'd just like to emphasize that it wasn't a willful choice not to pay"). Moreover, the agent objected to the revocation of probation and cited precedent from the United States Supreme Court requiring a finding of a willful violation before the judge revoked Plaintiff's probation and sentenced him to jail. *Id.* at 7–8.

According to the South Carolina Code of Laws, at any time during the probationary period, a probation agent may issue or effect the issuance of a warrant and "cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence. . . . [T]he arresting officer or agent must have a written warrant from the probation agent setting forth that the probationer has, in his judgment, violated the conditions of probation, and such statement shall be warrant for the detention . . . ." S.C. Code Ann. § 24-21-450. The arrest warrant provided by Defendants evidences compliance with this statute. ECF No. 44-2. "Upon such arrest the court, or the court within the venue of which the violation occurs, shall cause the defendant to be brought before it and may revoke the probation or suspension of sentence and shall proceed to deal with

6

the case as if there had been no probation or suspension of sentence . . . ." S.C. Code Ann. § 24-21-460. In *Bearden v. Georgia*, 461 U.S. 660 (1983), the United States Supreme Court stated:

> We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a *sentencing court must inquire into the reasons for the failure to pay*. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.* at 672–73. (emphasis added). It is at Plaintiff's probation violation hearing where the alleged constitutional violation occurred in Plaintiff's case – the South Carolina Court of Appeals found that the circuit court judge failed to make the required findings at Plaintiff's probation revocation hearing. *State v. Tice*, No. 2014-UP-370, 2014 WL 5698334, at *1 (S.C. Ct. App. Nov. 5, 2014). Specifically, the Court of Appeals reversed and remanded the case because,

> when revoking probation based solely on the basis of a failure to pay money, the circuit court must make the following findings on the record: (1) the State presented sufficient evidence indicating the probationer violated the terms of his probation; (2) the probationer willfully failed to pay in that he either had the funds to make payment and chose not to or lacked the funds to make payment and did not make a bona fide effort to acquire the funds; and (3) alternate measures are not adequate to meet the State's interests in punishment and deterrence.

*Id.* (citing *State v. Coker*, 723 S.E.2d 619, 620 (S.C. Ct. App. 2012)) (internal quotations omitted).

Thus, Baker was not required to make a finding that Plaintiff was in willful violation of his probation conditions prior to issuing the arrest warrant; Baker was only required to reasonably

suspect Plaintiff was in violation.[10]  *See Jones v. Chandrasuwan*, 820 F.3d 685, 693 (4th Cir. 2016) ("[W]e hold that probation officers must have reasonable suspicion before seeking the arrest of a probationer for allegedly violating conditions of his probation.").  Therefore, it is irrelevant to the proper issuance of Plaintiff's arrest warrant whether his violation was willful or not – the court was to make this determination at the hearing.  Thus, Defendants are entitled to qualified immunity.[11] Further, Plaintiff's probation conditions were not determined to violate the Constitution as he contends.  Therefore, Plaintiff's first four objections are overruled.

### b.  Eleventh Amendment Immunity

Plaintiff's final objection consists of one sentence: "I object to Page 8 Eleventh Amendment Immunity." Plaintiff provides no reasoning for this objection. This court has reviewed the law and finds the Magistrate Judge has correctly stated that Defendants are entitled to immunity under the Eleventh Amendment in their official capacities because Plaintiff is seeking monetary damages against them and they are agents for an arm of the State of South Carolina. *See Gamache v. Cavanaugh*, 82 F.3d 410 (4th Cir. 1996) (holding agents for the South Carolina Department of

---

[10] As the transcript from the probation revocation hearing reveals, Plaintiff admitted he was in violation of his probation conditions. *See* ECF No. 44-1.

[11] The Report's analysis is correct and applicable to Plaintiff's false imprisonment and false arrest claims. Furthermore, the second prong of qualified immunity requires that a violated right must be clearly established. *See Carroll v. Carman*, 135 S. Ct. 348, 350 (2014). The court finds that, even if Defendants had violated Plaintiff's right by seeking his arrest for alleged probation violations without reasonable suspicion, this right was not clearly established at the time of Plaintiff's arrest in April 2013. *See Jones*, 820 F.3d at 696 (announcing the reasonable suspicion standard for probation violations and concluding "the standard required by the Fourth Amendment to arrest a probationer was not clearly established at the time [Defendants] sought [Plaintiff's] arrest for allegedly violating the terms of his probation" as "[n]either the Supreme Court nor [the Fourth Circuit] had announced the level of suspicion required under the Fourth Amendment to arrest a probationer for a suspected probation violation").

Probation, Parole, and Pardon Services were entitled to summary judgment on all claims naming them in their official capacities) (unpublished); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (holding neither a state nor its agents in their official capacities are "persons" under section 1983). Thus, Plaintiff's fifth objection is overruled.

## IV.   CONCLUSION

Having conducted a *de novo* review of the Report and underlying motions and related memoranda, and having fully considered Plaintiff's objections, the court adopts the conclusions of the Report. The Report and Recommendation, therefore, is adopted and incorporated by reference, as supplemented in this order.  Defendants' motions for summary judgment are granted. ECF Nos. 20, 44.  This matter is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
March 7, 2017