IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| Joseph Charles Tice, | C/A No. 3:15-4781-CMC |
|---|---|
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Jerry B. Adger, *Head Probation Officer*; Lisa Baker, *Probation Officer*, | |
| Defendants. | |

Joseph Charles Tice ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action against Jerry B. Adger, Head Probation Officer ("Adger"), and Lisa Baker, Probation Officer ("Baker"), (collectively "Defendants") claiming a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendants filed motions for summary judgment. ECF Nos. 20, 44. The Magistrate Judge recommended granting both motions for summary judgment based on qualified and Eleventh Amendment immunity. ECF No. 62. The court adopted the Report of the Magistrate Judge, granted Defendants' motions for summary judgment, and dismissed the matter with prejudice. ECF No. 70.

Plaintiff has now written the court, citing *Duffy v. Riveland*, 98 F.3d 447, 452 (9th Cir. 1996) for the holding the Americans with Disabilities Act and Rehabilitation Act abrogated Eleventh Amendment immunity. Plaintiff notes he suffers from schizophrenia and therefore has a disability. However, Plaintiff did not bring his case under the Americans with Disabilities Act or the Rehabilitation Act, but rather under § 1983. Congress has not abrogated Eleventh Amendment immunity for § 1983 cases. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but

it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties . . . We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent.").

Plaintiff also requests appointment of counsel so he can file a new case for the alleged violations of his Constitutional rights. However, as noted by the Magistrate Judge earlier in the case, there is no right to appointment of counsel in § 1983 cases. *Hardwick v. Ault*, 517 F. 2d 295 (5th Cir. 1975). Therefore, Plaintiff's request for appointment of counsel to file a new case is denied.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
October 12, 2017